UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY RATAJ,

    Plaintiff,

                                          Case No. 07-10565

v.                                        Hon. Lawrence P. Zatkoff

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 21, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Petitioner Andrea Hamm's (Petitioner) petition for award of attorney's fees pursuant to 42 U.S.C. § 406(b) [dkt 13]. The Court finds that the facts and legal arguments are adequately presented in Petitioner's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the petition be resolved on the papers submitted. For the following reasons, Petitioner's petition is GRANTED insofar that Petitioner is awarded an attorney's fee of $5,300.

**II. BACKGROUND**

Petitioner represented Plaintiff, who suffers from various back ailments, on his Social Security disability-benefits claim. After an adverse decision at the administrative level, Plaintiff filed a complaint in this Court seeking review of that determination. The Court referred the matter to Magistrate Judge Pepe, who recommended that the Court grant Plaintiff's motion for summary

judgment in part and remand the case for further administrative proceedings [dkt 10]. The Court adopted Magistrate Judge Pepe's report and remanded the case to the Commissioner [dkt 11]. On remand, Plaintiff was awarded past-due benefits in the amount of $36,115.

Following the remand order, the Court, at the parties' request, entered a stipulated order [dkt 12] in which all parties agreed to award attorney's fees to Petitioner in the amount of $4,200 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Petitioner advises the Court that the Department of Treasury seized that amount due to Plaintiff's outstanding tax lien. Therefore, prior to this petition, Petitioner has received no compensation for her representation of Plaintiff in this matter.

### III. LEGAL STANDARD

Title 42 U.S.C. § 406 permits a district court to award attorney's fees for the representation of Social Security disability-benefit claimants, so long as the awarded fee does not exceed 25% of the claimant's past-due benefits award. *See* § 406(b). The awarding court is required to review a fee agreement for reasonableness. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In this circuit, a contingency-based fee award is presumptively reasonable if "the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

### IV. ANALYSIS

**A. Petitioner's Petition**

Petitioner seeks attorney's fees of $9,000—an amount that Plaintiff agreed to in a June 13, 2009, document, and, based on Petitioner's representations, an amount to which the government

does not object.

A review of the petition and the accompanying documents, however, revealed that Petitioner and Plaintiff had entered into a prior fee arrangement on September 15, 2006. That agreement stated that: "We agree that if [the Social Security Administration] favorably decides the claim(s), I will pay my representative a fee *equal to the lesser of* 25% of the past due benefits resulting from my claims *or* $5,300.00." (emphasis added).

The Court discovered a discrepancy between the text of the September 15, 2006, agreement and Petitioner's reference to that document in her petition. In her petition, Petitioner stated that her fee agreement with Plaintiff provided that "the Plaintiff agreed to pay the attorney up to 25% *and/or* $5,300.00 of any and all accrued benefits subject to approval of the Commissioner of Social Security or U.S. District Court." (emphasis added).

The text of the September 16, 2006, agreement appeared to limit the fee to $5,300, regardless if a contingency-based calculation would yield a higher amount. Petitioner, however, presented the agreement as including the "and/or" designation, which suggests that Petitioner may elect either a contingency fee or a flat-rate fee, with no maximum dollar limit.

The Court concluded that these representations were irreconcilable. As a result, the Court issued a show-cause order that required Petitioner to (1) explain why Petitioner was requesting a higher fee than was provided for in her original fee agreement with Plaintiff; and (2) provide evidence as to how her $250 billing rate compared to the standard market rate for such work.

**B. Show-Cause Response**

Petitioner timely responded to the Court's show-cause order. In her response, Petitioner explains that Plaintiff agreed to the higher fee after he was awarded his past-due benefits, and she

represents that the government has no objection to the higher fee. Petitioner also contends that the second fee agreement accounts for the seized EAJA award. Finally, Petitioner maintains that her $250 per hour billing rate is reasonable based on market studies.

**C. Analysis**

While Petitioner timely responded to the Court's show-cause order, she offered no argument or citation in response to the Court's inquiry regarding the validity of the September 16, 2006, fee agreement, and that agreement's $5,300 ceiling.

A similar contractual situation was at issue in *Hill v. Astrue*, 248 Fed. Appx. 923 (10th Cir. 2007), where the Tenth Circuit Court of Appeals held that the district court did not abuse its discretion in construing ambiguous terms against the drafting attorney and denying attorney's fees in excess of the less favorable fee agreement. One of the signed fee agreements in *Hill* capped attorney's fees at the lesser of 25% of past-due benefits or $5,300. *Id*. at 925. The *Hill* petitioner argued that the clause was only intended to apply to proceedings at the administrative level, and it did not contemplate review by the district court. *Id*. at 928. The court rejected this argument, noting that such an implication required "familiarity with the statutory scheme and the respective roles of the [Social Security Administration] and the district court in approving fee requests . . ." and was "too great an expectation of a layperson." *Id*. Further, the court did not accept the petitioner's contention that the claimant was aware of this meaning, noting that such an understanding should have been memorialized in the written document. *Id*.

Likewise, Petitioner did not specify whether the initial fee agreement applied to work done before the district court, or whether the fees were limited to work performed at the administrative level. Instead, Petitioner attempted to rectify this ambiguity by executing another fee agreement

with Plaintiff, which occurred after Plaintiff knew of his past-due benefits award.

A fee agreement executed subsequent to an award of benefits is not presumed reasonable. *See Damrom v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856–57 (6th Cir. 1997) (holding that the district court did not abuse its discretion by reducing post-award fee agreement because "the fee was not truly contingent."). Likewise, the second fee agreement in this case enjoys no presumption of reasonableness, because, while appearing to be a flat fee, the $9,000 amount was obviously calculated based on a 25% contingency fee of Plaintiff's $36,115 past-due benefits award.[1] Due to the circumstances surrounding the execution of the second fee agreement, and Plaintiff's expectations at the time the first agreement was entered into, the Court finds that the second agreement is unreasonable.

Finally, Petitioner's reliance on the seized EAJA award is misplaced. Petitioner's argument demonstrates a misunderstanding of the relationship between the EAJA and § 406(b). If an attorney is awarded fees pursuant to both statutes, that attorney must "'[r]efund the amount of the smaller fee to the client.'" *Gisbrecht*, 535 U.S. at 796 (citing Pub. L. 99-80, § 3, 99 Stat. 186). *See also Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989). Had Petitioner actually received the stipulated EAJA fee in this matter, she would have been required to refund that fee to her client if awarded a higher fee pursuant to § 406(b).

Permitting an attorney to enter into a post-award fee agreement that significantly raises that attorney's fee because of the claimant's large award of past-due benefits violates the intent of §

---

[1] Furthermore, the Court finds it overly convenient that Petitioner's proposed hourly calculation of her representation, which includes 36 hours of work at her billing rate of $250 per hour, also equates to $9,000 (*i.e.*, approximately 25% of Plaintiff's $36,115 past-due benefits award and the maximum fee permitted under § 406(b)).

406(b) and the policy justifications for contingency-fee agreements. Proper drafting of the first fee agreement would have resolved this issue at the onset. Moreover, the Court cannot overlook the inconsistency between the text of the September 16, 2006, fee agreement and Petitioner's representation of that agreement in her petition, which she did not attempt to explain in her response to the Court's show-cause order even though the Court had questioned the discrepancy in the order. Thus, the Court finds that the September 16, 2006, fee agreement is enforceable, and it will award Petitioner fees in accordance with that agreement.

## V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Petitioner's petition for attorney's fees [dkt 13] is GRANTED insofar that Petitioner Andrea Hamm, Esq., is awarded an attorney's fee of $5,300 pursuant to § 406(b), which is to be paid from Plaintiff's past-due benefits award, for her representation of Plaintiff in the above-captioned matter.

IT IS SO ORDERED.

> S/Lawrence P. Zatkoff
> LAWRENCE P. ZATKOFF
> UNITED STATES DISTRICT JUDGE

Dated: December 21, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 21, 2009.

> S/Marie E. Verlinde
> Case Manager
> (810) 984-3290